846 F.2d 78
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Dewayne GILMORE, Petitioner,
v.
DEPARTMENT OF the ARMY, Respondent.
 No. 87-3493.
 United States Court of Appeals, Federal Circuit.
 March 23, 1988.
 
 Before FRIEDMAN and RICH, Circuit Judges, and BENNETT, Senior Circuit Judge.
 PER CURIAM.
 
 DECISION
 
 1
 The decision of the Merit Systems Protection Board, MSPB Docket No. DA07528610586, affirming Petitioner Dewayne Gilmore's removal for the offense of unauthorized possession of government property, is affirmed.
 
 OPINION
 
 2
 Mr. Gilmore was employed as a warehouse worker at the Red River Army Depot. While operating a forklift on June 12, 1986, he was observed appropriating an Army camouflage jacket for personal use. He was discharged and appealed the department's action to the Merit Systems Protection Board. A hearing was held and the administrative judge affirmed the removal, finding that Gilmore's explanations for the event were not credible, that his supervisors had lost their trust in him because of his conduct, that he knew this offense was wrong and punishable by removal, that it was not the first offense for which Gilmore had been disciplined during his employment by the Army, and that the Army had a right to expect its employees to guard the security of government property entrusted to their care and to resist fraud, waste, abuse and theft. Substantial evidence supports these conclusions.
 
 
 3
 Mr. Gilmore in fact does not now challenge the MSPB decision except as to the severity of the punishment of removal. He alleged that another employee committed the same offense but was only suspended. This allegation was examined carefully by the MSPB which found that the circumstances and employee records were not analogous.
 
 
 4
 Imposition of an authorized penalty is within the agency's discretion and will not be disturbed by the court where it is warranted by law, is supported by substantial evidence, is not an abuse of discretion, and where relevant factors in mitigation, if any, have been considered. Pursuant to our limited scope of review, 5 U.S.C. Sec. 7703(c), we find no basis for disagreeing with the final decision of the Merit Systems Protection Board in this case. See Hayes v. Department of the Navy, 727 F.2d 1535 (Fed.Cir.1984).